## SARTWELL *v.* MOSES.

An agreement by the plaintiff, that goods which he claims, and for the taking of which by the defendant, a deputy sheriff, upon attachment against a third person, he has brought his action, may be sold, and the proceeds retained in place of the goods, is not a release of the cause of action, nor conclusive against the plaintiff's right to maintain the action.

TROVER, for goods attached by the defendant as the property of a third person. The opinion states the facts.

*Wells & Burleigh*, for the plaintiff.

*H. V. Moore* and *S. M. Wheeler*, for the defendant.

ALLEN, J. The goods were attached by the defendant, a deputy sheriff, as the property of Dominique & Co., upon writs of several of their creditors, and were claimed by the plaintiff, who, after demand and refusal, brought this action for their conversion. On an agreement subsequently made by the attaching creditors, in which the plaintiff joined, that the defendant might sell the attached property and retain the proceeds of the sale in place of the goods, the defendant sold the property and has the proceeds. The court refused to order a verdict for the defendant; and neither party desiring to submit any question to the jury, a verdict was taken for the plaintiff, subject to the defendant's exception.

The agreement was not a consent by the plaintiff to apply the proceeds of the sale in payment of any debt or in satisfaction of any judgment. The sale was to prevent waste and the expense of keeping the goods; and the plaintiff, by his consent to it, parted with no right of property in the goods, and conveyed no right to the defendant, which he did not before have, except the right to substitute and hold the price of the goods for the goods themselves. By the terms of the agreement, the plaintiff's right to the money received for the goods was left upon the same grounds as his right to the goods before the agreement to sell was made. There was a demand for the goods, and a refusal to surrender them, before the agreement to sell was made ; and acquiescence in the sale of the property and the retention of the proceeds in place of the property was not an acquiescence in another's claim to the property, nor in the defendant's conversion of it.

The agreement not being a release of the plaintiff's right of action, nor conclusive against it, and there being a demand and refusal to surrender the goods, the defendant's motion for a verdict was properly denied. The defendant not desiring to go to the jury on any question, the verdict taken for the plaintiff must stand.

*Judgment on the verdict.*

CLARK, J., did not sit: the others concurred.